Statement of Facts.

## ESTATE OF JAMES MARSHALL, DECEASED. (1)

APPEAL BY G. I. WHITNEY, ASSIGNEE, FROM THE ORPHANS'
COURT OF ALLEGHENY COUNTY.

Argued October 27, 1890—Decided November 10, 1890.

(a) A testator gave real estate to his executors, to be held for the benefit of his children, and provided: "I wish them . . . . . to be invested with full power to give or withhold as they think best for the interest of any or all my children." The will further provided:

(b) "I hereby authorize my executors to purchase and sell real estate at public or private sale, as they deem for the best interests of my children, and to hold it in trust for them, or give it to them, as they regard their best interest: "

1. The power of sale was discretionary, and without limitation as to the time within which sales should be made. Moreover, the discretion was absolute, and needed not the aid of the Orphans' Court to support it, even against the objection of an assignee for creditors of a beneficiary.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 259 October Term 1890, Sup. Ct.; court below, No. 243 September Term 1888, O. C.

To the number and term of the court below, Thomas M. Marshall, M. W. Watson and Matilda Marshall, executors and trustees under the will of James. Marshall, deceased, filed their petition praying for a decree authorizing them to make sale of eleven parcels of real estate of which the testator died seised, "in order to equalize the different children and to make a final distribution of the assets of said decedent among them, in accordance with the provisions of said will."

The testator had died on September 29, 1869, and by his will dated May 23, 1867, duly admitted to probate, after providing for his widow and a niece, he thus disposed of the residue of his estate.

"4. I bequeath to my executors all the balance of my estate, real, personal and mixed, to have and to hold the same in trust for the use and benefit of my children, viz., Harriet Watson, James, Julia and Anna Frances, making them all equal at

Statement of Facts.

twenty-one years of age, share and share alike; and should any of them die without lawful issue their interest shall be equally distributed to the survivors or the heirs of my deceased children, by investing it for their benefit, or paying to them the proceeds, as I wish them, the executors, to be invested with full power to give or withhold as they think best for the interest of any or all of my children; and for the purpose of carrying out this, my purpose, I hereby authorize my executors to purchase and sell real estate at public or private sale, as they deem for the best interests of my children, and to hold it in trust for them, or give it to them, as they regard their best interest."

To a citation issued and directed to all parties interested, to show cause, etc., George I. Whitney, as the assignee for the benefit of the creditors of James Marshall, Jr., one of the beneficiaries under said will, made answer:

" That James Marshall, Jr., by deed of April 16, 1883, conveyed to him for the benefit of the creditors of said James Marshall, Jr., all his estate, real and personal, embracing all his interest in the estate of James Marshall, deceased.

" That the real property belonging to said estate he believes to be correctly set forth in said petition, and the value thereof, in the aggregate, is about six hundred thousand dollars. The personal estate of said decedent, aggregating in value about the same sum as said realty, is only partially set forth in said petition.

" The title of the undivided one fourth of both the said realty and personalty of said estate of James Marshall, deceased, passed to respondent by virtue of said assignment, to be used and appropriated by him to the payment of the creditors of said James Marshall, Jr.

" The creditors of said James Marshall, Jr., are large in number and their claims against him aggregate a large sum. Among said creditors are the petitioners, the trustees under the will of said James Marshall, deceased, who claim that said James Marshall, Jr., is indebted to said estate in the sum of $22,608.21, on account of a note which they were compelled to pay; $66,349.42, on account of interest on money borrowed from the estate they represent, and $40,000, on account of rent of foundry owned by estate.

" Respondent avers that these claims have never been ad-

mitted or adjudicated as correct, nor liquidated by any legal authority. And he believes a good defence can be made to the greater part thereof, if not the whole thereof. And he denies that the same can be charged to said James Marshall, Jr., on distribution of said estate.

"Respondent further denies that the realty of said estate is made personalty under the will of said James Marshall, deceased; and denies that it is necessary to sell the same in order to make distribution thereof. And he respectfully protests against the granting of any order for a sale of said real estate, except in the regular way through proceedings in partition, as provided by law."

Issue having been joined by replication filed, the court, HAWKINS, P. J., on May 20, 1889, filed the following opinion:

The only question involved in this proceeding, is whether or not the petitioners were invested by the will of James Marshall, deceased, with a power of sale of real estate which should now be exercised.

Whatever doubt may exist as to the scope of the trust created by this testator, the language used by him leaves no room for doubt that his intention was to invest these trustees with a discretionary power of sale of his real estate, and this discretion is absolute. The will contains no limitation of the time within which sales shall be made. All parties interested have recognized the continued existence of the power, and its repeated exercise by these trustees from the time of the testator's death until a recent date, and the condition of the estate is now such that the unsold portion of the real estate must be converted for the purpose contemplated by the testator.

The power of sale vested in the trustees is, then, still in existence, and its exercise lies wholly in their discretion. It has neither lapsed by time nor been exhausted. It may be conceded that had all parties interested united in a division of the land, as such, instead of the proceeds, they might, under a well-established principle of equity, have done so, and that in the event of the abuse of their discretion the trustees might be controlled; but in the absence of such action, the discretion is absolute and needs not the aid of this court. The present proceeding is, in the circumstances, simply advisory, and the order of this court will be made in that view.

Opinion of Court below.

The question of distribution does not now arise, except so far as it is involved in the question of the propriety or necessity of the exercise of the power of sale by the trustees. The relative rights of the parties interested in distribution will be adjusted when the trustees' account of the proceeds of sales shall be audited.

Thereupon, a decree was entered advising and directing " said trustees to make sale of said described real estate at public sale, at such time and place and on such terms as in the exercise of their discretion they may deem to the best advantage of their trust."

A return of the sale of a certain parcel of said real estate having been made, and confirmed nisi, George I. Whitney, assignee, etc., on October 3, 1889, filed the following exceptions to the confirmation thereof.

1. That the petitioners were not invested by the will of James Marshall, deceased, with a power of sale for the purposes of distribution and equalization among the beneficiaries under said will.

2. That no power of sale now exists in said trustees under said will.

3. That James Marshall, Jr., had a vested interest in the lands of said decedent, and the same passed to exceptant under the deed of assignment from said James Marshall, Jr.

On the same day, the said exceptions were overruled, and a decree was entered confirming the sale returned absolutely. Thereupon the exceptant took this appeal, specifying that the court below erred:

1. In overruling the exceptions filed.

2. In confirming the return of sale.

5. In substantially holding that the share of James Marshall, Jr., in his father's estate, was liable to sequestration on the part of his co-trustees for any devastavit committed by him as trustee, notwithstanding the fact that he made the assignment to appellant prior to any settlement or distribution of said estate.

6. In substantially holding that the estate of James Marshall, deceased, as to its claim against James Marshall, Jr., does not occupy the position of a general creditor of said James Marshall, Jr.

*Mr. Thomas D. Chantler* (with him *Mr. Robert Arthurs*), for the appellant.

*Mr. D. T. Watson* (with him *Mr. J. H. White*), for the appellees.

PER CURIAM:

The opinion of the learned president of the Orphans' Court contains all that need be said in this case.

> Decree affirmed and the appeal dismissed at the costs
> of the appellant.