# Cooper's Estate.   Cooper's Appeal.

[Marked to be reported.]

*Wills—Trust to manage and sell—Restraint on alienation—Vested interest—Power of sale.*

A trust is not illegal as a restraint upon alienation where there is a vested interest in the devisee which he can sell or dispose of at pleasure and it is only the time of the enjoyment of the profits which is postponed.

A testatrix left all her property to her children who may be living at the time of her death, share and share alike, subject to the control of her executor and trustee to manage the property as far as possible as her husband had done, and equally divide the income and principal arising from the sale of real estate among the persons entitled under the will in such manner as shall seem proper to the executor. In regard to the final distribution of the estate, she directed her executor and trustee, when two thirds of the persons interested shall so demand, to sell the property and divide the proceeds among those interested under the provisions of the will.

*Held* that the trust was an active one, for a lawful purpose, the management of the estate, and not in conflict with the law in regard to perpetuities. The mere fact that no time is fixed within which the power of sale must be exercised, does not of itself create a perpetuity, as it must be exercised within a reasonable time. Besides it was competent for all parties in interest at any time to defeat the power and take the property discharged thereof.

Argued Jan. 20, 1892.   Appeal, No. 92, July. T., 1891, by Samuel W. Cooper, executor of the will of Emily W. Cooper, deceased, from a decree of O. C. Phila. Co., sustaining exceptions to adjudication of executor's account. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and McCOLLUM JJ.

Claim to receive devise free from trust.

The facts appear by the following opinion of the auditing judge, by HANNA, P. J.:

"The testatrix left seven children, all still living and sui

juris, and all but one are satisfied with the trusts declared in the will, and wish the same to be sustained. The eldest son, William B. Cooper, however, as before stated, seeks to set aside the trusts and have his share awarded to him absolutely.

" The material parts of the will of testatrix are as follows:

"' I give, devise and bequeath all my property, real, personal or mixed, of whatever nature or description, to my children, who may be living at my death, share and share alike; if any one of my children now living shall have died before me, leaving children, then the share of such a one shall go to such children; all the said property to be subject to the control of my executor and trustee as hereinafter set forth.

"' I nominate, constitute and appoint my son, Samuel W. Cooper (or in event of his death my son Colin C. Cooper), to be the executor of this my last will and testament and as trustee of all my property real, personal or mixed.

"' I authorize, empower and direct my said executor and trustee to manage the said property committed to his charge as far as possible after the manner in which it has been conducted by my husband, Colin C. Cooper. I authorize him to receive the rents, profits and issues of whatever nature and character and apply them to the payment of the debts which may be or arise against the said property, in such manner and under such circumstances as may seem to him fit and proper. The money which may come into his hands after the payment of such debts or incumbrances, I direct shall be equally divided, from time to time, among the persons entitled under the previous provisions of this will, in such manner as shall seem proper to him. This direction shall apply to the rents, issues and profits of my estate and also to the money arising from the sale or sales of real estate which may be made by my executor from time to time under the provisions of this will.

"' I hereby give to my said executor and trustee full power and authority to do everything whatsoever which may be requisite and necessary to be done in reference to the management and direction of all business relating to my property, real, personal or mixed, and, for this purpose, I hereby authorize and empower him to rent or mortgage, or to sell and dispose of all or any part of my real or personal estate at public or private sale or sales, for such price or prices, and upon such

terms and conditions as to him may seem best, and to grant and convey the same to the purchaser or purchasers thereof, his, her or their heirs and assigns, free from all liability for or on account of the application of the purchase money.

" ' When demanded by a majority of those interested in my estate, but not oftener than once a year, my said executor and trustee shall file in the register's office of the city of Philadelphia, an account showing the manner in which he has conducted the estate.

" ' In regard to the final distribution of my estate, I direct my said executor and trustee, when two-thirds of the persons interested in my estate shall so demand, to sell all my property real or personal and divide the proceeds among those interested under the provisions of this will.'

" At first glance the will is seen to be inartificially prepared, and, as constructed, imperfectly expresses the intention of testatrix. But a careful examination of the instrument and a transposition of its provisions, which is always allowed in order to ascertain the true meaning of a testator; and thus, if it is examined from 'its four corners,' it will not be difficult to ascertain the full and legal intention of the testatrix. And this intention, the auditing judge, from a careful study of the entire testamentary paper, concludes to be as follows :

" While she bequeaths and devises all her estate unto her children living at her death, and the children of any who were dead leaving children, yet she did not intend to give them an absolute vested interest payable to them and to the possession of which they shall be immediately entitled upon her death. But this vesting in possession she postponed until two thirds of the persons interested in her estate shall demand a final distribution, in which event the executor and trustee shall convert all her estate into cash and divide among those interested under the will. Until this event occurs, however, she placed all her property under the control of her executor, whom she expressly appoints ' as trustee.'

" Testatrix then proceeded to fully and specifically define the powers and duties of the trustee. · These beyond all question are of such a nature and character as to constitute a well defined ' active trust.' And in order to enable the trustee to perform these duties, he must be considered as having a legal

estate in the trust property. He is not only to manage the property, collect the rents and profits and pay debts, etc., but also to divide not only the income but also money arising from the sale of real estate, made by him under the power contained in the will.

" There could not well be a better and more explicit active trust: Barnett's Ap., 46 Pa. 392; Earp's Ap., 75 Pa. 119; Goehring's Ap., 81* Pa. 283; Briggs v. Davis, 81* Pa. 470; Stambaugh's Est., 135 Pa. 585.

" The intention of testatrix is therefore evident, and this was to create a trust for the benefit of her children, and the children of any deceased, until two thirds of their number request a final distribution. Then the parties are entitled in possession to their shares, the whole estate being converted into personalty. The trust is consequently liable to be destroyed and ended at any moment. Nor can it be said to create a perpetuity. The children of testatrix have now a vested estate, payment only being postponed. Without further discussion, the auditing judge is of opinion a valid active trust is created by the will."

Exceptions by William B. Cooper were sustained by the court, in the following opinion by ASHMAN, J.:

" It is quite apparent that the purpose of the trust was what the auditing judge assigned to it—to effect a division of the estate at the smallest sacrifice of values. It is also clear that powers which, to this end, were conferred upon the trustee, and the duties which were required of him were such as rendered the trust active; Barnett's Ap., 46 Pa. 392; Earp's Ap., 75 Pa. 119; Lightner's Ap., 11 W. N. 181. The purpose was entirely legitimate and the cestuis que trust, with one exception, appear to be willing that it shall be carried out on the lines indicated by the testatrix. The way is stopped, however, by two legal principles. One is that the gift of an absolute estate carries with it every incident of ownership. The testatrix infringed this principle when she gave such an interest to the donees and then tied up their hands from exercising any proprietary rights. She might have cut down the absolute estate to a life interest by a simple direction that the donees were to have the use and income for life, as in Urich v. Merkel, 81 Pa. 332; or by a formal trust, as in Sheet's Estate, 52

Pa. 257. Her intent, however, was not to reduce the original estate, but to .fetter it; and to fetter it moreover with a trust of indefinite duration. On this point, STRONG, J., said in Sheet's Estate, supra, ' No principle is better settled than that if a testator in one part of his will give to a person an estate of an inheritance of lands, or an absolute interest in personalty, and in subsequent passages unequivocally shows that he means the devisee or legatee to take a lesser interest only, the prior gift is restricted accordingly. ' Subsequent provisions will not avail to take from an estate, previously given, qualities that the law regards as inseparable from it, as, for example, alienability; but they are operative to define the estate given, and to show that what without them might be a fee, was intended to be a lesser right.' And he adds what seems directly applicable here: ' It is difficult to see how the executor could convert an estate into money which had been absolutely and unconditionally given to the testator's children. It is more than difficult, it is impossible.' The rule is concisely stated by Mr. Gray, in his work on Perpetuities, § 120: ' When a person is entitled absolutely to property, any provision postponing its transfer or payment to him is void;' and it has but one exception, in separate use trusts for married women. That the testatrix intended simply to postpone the enjoyment of the estate taken by the first takers and not to substitute a lesser interest, is evident not only from the absence of any limitations over, but from her direction to the trustee to pay over all moneys, principal as well as income, from time to time, to the parties to whom she had given the absolute estate. The trust was therefore directly in conflict with the principle which forbids the non-alienability of such an estate, and it was also obnoxious to the rule against perpetuities. The trustee was at liberty to exercise his functions until two thirds of the persons interested under the will should see fit to order a sale. These were not necessarily children of the testatrix, but might be remote descendants who were not living at her death. But until that demand was made, there was a mere power to sell; nothing short of an imperative direction to sell, irrespective of contingencies and independent of discretion, being able to work a conversion: Peterson's Ap., 7 Nor. 403. Hence the power might have continued to subsist beyond a life or lives in being

and twenty-one years thereafter.   It is not necessary to inquire whether or how an effective trust might have been created which would have subserved the purpose which was contemplated by this will.   Mr. Gray says: 'If a term is given to trustees to pay debts and, subject to the term, the property is devised to A, the interest of A is vested, and, like all vested interests, is not obnoxious to the rule against perpetuities : ' Sec. 415.   In such case the payment of debts is not a condition precedent, but the vesting is immediate, and the trustees will be regarded as holding in trust for A, subject to the payment of debts.   Nothing of the kind was attempted by this testatrix, and we are of opinion that the trust was void, and that the exceptant is entitled to immediate payment."

*Errors assigned* were (1) sustaining exceptions; (2) holding trusts invalid; (3) because of their imposition after the devise ; (4) by reason of establishing a perpetuity.

*John G. Johnson*, for appellant.—The trust is an active one: Perry, Trusts, § 305; Lightner's Ap., 11 W. N. 181; Ogden's Ap., 70 Pa. 501; Stambaugh's Est., 135 Pa. 585; Livezey's Ap., 106 Pa. 206 ; and cases cited in opinion of auditing judge. A trust may be imposed after an absolute devise : Sheet's Est., 52 Pa. 257; Vaux v. Parke, 7 W. & S. 19; Briggs v. Davis, 81* Pa. 470; Roland v. Miller, 100 Pa. 47.

. A failure to fix a time for the exercise of a power of sale does not make the power void because of its creating a perpetuity: Peters v. Lewes R. R., L. R. 18 Ch. Div. 429, affirmed in Cotton's Trustees, L. R. 19 Ch. Div. 624; Buist's Ap., 23 W. N. 314; Sugden, Powers, 8th ed., p. 848; Gray, Perpetuities, § 478.   A power may be good although no time be fixed within which it shall be exercised.   If a legal purpose for the exercise of the power can be discovered, the power will be held good, because it will be credited as being given for the accomplishment of such purpose.   If not, it will be treated as a nullity: Marshall's Est., 138 Pa. 260.   In Wilen's Ap., 105 Pa. 121, affirmed in Aubert's Ap., 119 Pa. 48, a trust to hold and divide income was held a valid active trust.   There is no perpetuity under this will because (1) the discretion is personal to the executor; (2) the discretion, even if it be exercisable by a succeeding executor or trustee, must be exercised within

a reasonable time; (3) all the persons interested may, at any time, demand a conveyance of the property; and (4) two thirds of the persons interested may, at any time, demand a sale and distribution. If the powers are invalid now, when did they become so? The power of sale exists not only by the will but by Act of Feb. 24, 1834.

There is no illegal restraint on alienation. There is a vested interest in the devisee which he can sell or dispose of at pleasure, and it is only the time of enjoyment of the profits of the same which is provided for: Lennig's Est., 20 W. N. 55; Ward's Est., 13 W. N. 283; Perry, Trusts, § 386, 4th ed. If it is possible that the event may not happen within the time limited by the rule against perpetuities, the rule does not apply: Perry, Trusts, § 381, 4th ed.

*T. B. Stork*, for appellee.—The opinion of the court below justifies the decision that the will creates a gift in one person with power to manage and control in another. The executor is not only to pay over rents, etc., but also principal realized from sales, yet the control is placed in his hands. Distribution is to be made by the executor to "persons interested" under the will, who may be great-great-grandchildren. So far as the minority interest is concerned, the trust may be interminable. The following cases of invalid trusts may be added to those cited by the court below: Willard v. Davis, 3 Penny. 86; Rodrigue's Ap., 22 W. N. 358, s. c. 1 Mona. 59; Rea v. Girard Life Ins. Co., 16 W. N. 48; Gillmer v. Daix, 141 Pa. 505; Snider v. Baer, 28 W. N. 460.

Where the whole beneficial interest is vested in the cestui que trust, mere active duties imposed on the trustee will not sustain a trust: Kuntzleman's Est., 136 Pa. 142; Yarnall's Ap., 70 Pa. 339; Gray, Restraints on Alienation, §§ 115, 123. In the cases cited by appellant the cestui que trust had not the entire beneficial interest. While a testator can cut down by a trust a fee previously given, it must be by a trust for life, for separate use, a spendthrift trust or the like. An equitable fee in Pa. is the same practically as a legal fee: Moss's Est., 11 W. N. 306; Keyser's Ap., 57 Pa. 236.

If the cestui que trust have an equitable or legal fee, as appellant concedes, a power of sale in an executor cannot, any

more than a more complex trust forbid their full enjoyment of it: Rea v. Girard Life Ins. Co., 16 W. N. 48.

When a person is entitled absolutely to property, any provision postponing its transfer or payment to him is void: Gray, Perpetuities, § 120.

OPINION BY MR. CHIEF JUSTICE PAXSON, October 3, 1892.

While this is a close case, we are of opinion that the auditing judge was correct in his conclusions, and that the court below erred in overruling him. I understand it to be conceded that the trust created by the will of Emily W. Cooper was an active trust, and that its purpose was entirely legitimate. The cestui que trustent, with a single exception, are willing that the trusts shall be carried out as directed by the testatrix. The learned court below, however, held that it could not be done, because it was in contravention of two legal principles. One is that the trust is engrafted upon a fee, and the other is that it creates a perpetuity. The important clause of said will is as follows:

" I give, devise and bequeath all my property, real, personal or mixed, of whatsoever nature or description, to my children who may be living at the time of my death, share and share alike ; if any one of my children shall have died before me leaving children, then the share of such a one shall go to such children; all the said property to be subject to the control of my executor and trustee as hereinafter set forth."

By the next clause in her will the testatrix appoints her son (appellant) executor of her will and " trustee of all my property, real, personal or mixed." She then proceeds to confer upon her executor and trustee certain powers in regard to the management of the real estate, the particulars of which I need not specify further than to say that he is authorized to receive the rents, pay debts and encumbrances ; to sell the real estate at either public or private sale, and generally to " do everything whatsoever which may be requisite and necessary in reference to the management" thereof ; and when " two-thirds of the persons interested in my estate shall so demand to sell my property real or personal and divide the proceeds among those interested under the provisions of this will."

It will be noticed that the estate is impressed with the trust

by the same paragraph which contains the devise to the children. We think the intention of the testatrix, as gathered from the four corners of the will, was accurately stated by the auditing judge in the following paragraph of his opinion :

"While she bequeaths and devises all her estate unto her children living at her death, and the children of any who were dead leaving children, yet she did not intend to give them an absolute vested interest payable to them and to the possession of which they shall be immediately entitled upon her death. But this vesting in possession she postponed until two thirds of the persons interested in her estate shall demand a final distribution, in which event the executor and trustee shall convert all her estate into cash and divide among those interested under the will. Until this event occurs, however, she placed all her property under the control of her executor, whom she expressly appoints as trustee."

It being clear from the terms of the will, that it was the intention of the testatrix to create a trust for a lawful purpose, and for the management of the estate, the court ought not to interfere, unless it involves a violation of an inflexible rule of law. The manner in which the trust is imposed is not material if the intention can be clearly gathered from the will. No particular form of words is necessary to create a trust. It was said by Lord ELDON in King v. Denison, 1 V. & B. 273, that the word "trust" not being made use of is a circumstance to be attended to, but nothing more, and if the whole frame of the will created a trust, for the particular purpose of satisfying which the estate is devised, the law is the same, though the word "trust" is not used. In Vaux v. Parke, 7 W. & S. 19, there was an absolute gift which was cut down to a spendthrift trust by a subsequent clause of the will, and this was held valid. In Briggs v. Davis, 81* Pa. 470, a trust was imposed after an absolute devise. We do not regard this trust as in any way an illegal restraint upon alienation, for the reason that there is a vested interest in the devisee which he can sell or dispose of at pleasure, and it is only the time of enjoyment of the profits of the same which is provided for.

We are unable to see anything in this trust which is in conflict with the law in regard to perpetuities. The mere fact that no time is fixed within which the power of sale must be

exercised, does not of itself create a perpetuity. It is sufficient to say that a power to sell and distribute the proceeds, created by a will, must be exercised within a reasonable time. It is always within the power of the orphans' court to control the exercise of a discretion in such cases upon the application of the parties in interest. A power of sale is good, although no time be limited for its exercise: Marshall's Estate, 138 Pa. 260. Aside from this, it was competent for all the parties in interest at any time to defeat the power and to take the property discharged thereof. Under these circumstances, we cannot say that the trust created a perpetuity.

It is not necessary to discuss the case further in view of the well considered opinion of the auditing judge.

The decree is reversed at the costs of the appellee, the adjudication is affirmed, and distribution ordered in accordance therewith.