## John Wilbert's Estate.     Elizabeth Berg's Appeal.

| 166 | 113 |
|-----|-----|
| 184 | 224 |

| 166 | 113 |
|------|------|
| f198 | 339 |

| 166 | 113 |
|------|------|
| 216 | 533 |

*Will—Separate use trust—Extrinsic evidence.*

Testator devised to each of his daughters one sixth of his estate "to them, their heirs and assigns forever in severalty, the shares to my said daughters to be for their own sole and separate use, free from any claim of any present or future husband." *Held,* that the words of the will created a separate use trust for a married daughter, and that the intent to create such a trust was so plain that extrinsic evidence was inadmissible to change it.

Argued Nov. 12, 1894. Appeal, No. 320, Oct. T., 1894, by legatee, from decree of O. C. Allegheny Co., Nov. T., 1892, No. 196, dismissing petition to revoke decree appointing trustee. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Petition to revoke appointment of trustee.

From the petition and answer it appeared that John Wilbert died July 17, 1889, leaving the following will:

" 1. I will and direct that all my just debts and funeral expenses be promptly paid.

" 2. To my wife, Margaret Wilbert, I will, devise and bequeath the same interest in my estate that she would take under the intestate laws of the state had this will not been made, she to have the privilege of occupying one of the brick houses on or near the corner of Boggs and Bailey avenues, in said 32d ward, Pittsburgh, if she so desires, but not the privilege of renting the same to third parties.

" 3. Subject to the foregoing provisions for my wife, I divide my estate, real, personal and mixed, into six (6) equal parts, and devise and bequeath unto my daughters Mary Wilbert, Bertie Wilbert, Louise Barker and Lizzie Berg, each one equal sixth (1-6) part of my estate, to them, their heirs and assigns forever in severalty, the shares to my said daughters to be for their own sole and separate use, free from any claim of any present or future husband.

" To my grandchildren, being the children of my deceased daughter, Catherine Miller, I devise and bequeath one sixth (1-6) part of my estate, to be equally divided between them, and I hereby appoint Andrew Engle trustee of the interest hereby given to my grandchildren, he to hold the same in trust until the youngest one reaches the age of twenty-one years, at which time a distribution of said interest shall then be made, and until that time the trustee from time to time shall apply the interest or income from said interest in my estate hereby devised to said grandchildren to the maintenance and education of said grandchildren. Should any one of said grandchildren die under the age of twenty-one years unmarried and without lawful issue, then and in that event the share of such one dying shall go to and vest in the survivor or survivors, and should all of said grandchildren die before reaching the age of twenty-one years unmarried and without lawful issue, the whole of said interest hereby willed and bequeathed to said grandchildren shall revert to and vest in my lawful heirs, share and share alike.

" From the share hereby devised to my grandchildren, I direct that the sum of two hundred ($200) be deducted and

divided amongst the other devisees herein mentioned, the said two hundred ($200) dollars having theretofore been paid by me on account of the mother of said grandchildren.

" I will and devise to William Dryer, my brother-in-law, to hold in trust and to apply the rents and profits thereof to the support and maintenance of my son, William Henry Wilbert, for and during his lifetime, the one-sixth (1–6) part of my estate, and at the death of said William Henry Wilbert said interest to go to and vest absolutely in his lawful issue, if any, and in default of such lawful issue, then said share to revert to and vest in fee in my lawful heirs, as aforesaid."

Elizabeth Berg was married at the date of the will and at the time of testator's death.

Partition was made of the real estate of decedent, and decree entered appointing the Fidelity Title & Trust Co. trustee of Mrs. Berg's interest. Mrs. Berg subsequently presented her petition averring that she was entitled to the estate absolutely, and praying for the revocation of the decree appointing the trustee.

The petition further averred that petitioners' purpart was valued at $13,900, that the purpart consisted of seven tracts, four of which were unimproved, and that the gross annual income was about $500. It further appeared that the purpart was incumbered to the extent of $2,000. Also that William Henry Wilbert had died unmarried.

The case was heard on petition and answer.

The court below filed the following opinion :

" The plain intent of John Wilbert was to protect his daughter, Mrs. Berg, in the enjoyment of his bounty from the influence of her husband. The devise is to her, her heirs and assigns in severalty, 'for her sole and separate use, free from any claim,' and, necessarily, of any claim of interference on the part of Mr. Berg.

" These are appropriate words to create a separate use trust, and all the words that are necessary for that purpose : Hays v. Leonard, 155 Pa. 474.

" It is objected to this that testator uses language in the first clause of the paragraph which 'creates in his daughter a fee simple in the clearest and most unequivocal terms.' But that clause is coupled with the exclusion of the husband in terms

just as clear and unequivocal, 'from any claim' in respect of this estate.   The manifest purpose was to give Mrs. Berg an absolute estate, but to protect her in its use from the influence of the husband during coverture.   A trust was therefore necessary, the powers incident to ownership were suspended, and her beneficial use insured during that period.

"Should the husband die in her lifetime the trust must therefore cease, and the legal and equitable title become united in her.   The added phrase ' heirs and assigns forever in severalty ' has no bearing on the question of trust; it simply expresses what the law would have implied.   The use was absolute ; the trust for coverture only.

" So it was suggested that testator's ignorance, inferred from the fact that he signed with a mark, raises a doubt that he intended to create a separate use trust and that ' to doubt is to resolve against such trust.'   As he was adjudged competent to make the will, it must be presumed that he understood, too, its contents.   The idea of protection of a daughter's share against the influence of her husband, out of which 'separate use trusts ' arise, is very simple and common, and is so expressed here as to be within the understanding of the most ignorant.

" Nor does the fact that the trust declared was inoperative in respect of other daughters, because neither married nor in contemplation of marriage, affect the question of its validity in respect of Mrs. Berg ; that she was in fact married and continues covert, and that the testator manifested an intent to protect her share ' from any claim ' of her husband are sufficient, for there is no principle better settled than that testamentary intent must be made effectual so far as is consistent with law.

" It is insisted that extrinsic evidence is admissible as affecting the question of the condition of a trust, and that the case is not distinguishable in this respect from McConnell v. Wright, 150 Pa. 277.   But these cases were essentially different.   There extrinsic evidence was admitted, because it was thought the existence of a trust was in doubt, Hays v. Leonard, supra; while here the intent is plain, and rules of construction can have no application.

" The intent to create a coverture trust having been ascertained, the hardship of which petitioner complains is not appar-

ent. The trustee is entirely competent to take care of the estate. If sales become advantageous it may make them and invest the proceeds. The estate is subject to the same burthens as if petitioner had the legal title, and it will be the duty of the trustee to provide for them. In the meantime, the petitioner, in accordance with her father's intention, will receive the benefit, in all probability, as though she had the legal estate.

" The petition must be dismissed.

" And now, to wit, July 10, 1894, this matter came on to be heard upon petition and answer, and was argued by counsel; and thereupon upon consideration thereof said petition is dismissed at the cost of petitioner.

" And now, to wit, July 28, 1894, this matter came on to be further heard upon the petition and answer, and was argued by counsel; and thereupon, upon consideration thereof, the decree of July 10, 1894, dismissing said petition, is amended and supplemented, so as to read as follows:

" 1st. That the decree of Nov. 29, 1892, at said No. 169 Nov. T., 1892, appointing the Fidelity Title Trust Co. trustee of the separate use estate of Elizabeth Berg, shall relate to an undivided five-sixths interest in the purpart allotted to said Elizabeth in the partition of the estate of John Wilbert, deceased.

" 2d. That the decree of Dec. 1, 1892, at No. 1 April Term, 1892, as follows:

" ' (a) That the Fidelity Title & Trust Co., trustee of the separate use estate of Elizabeth Berg, be added to the record of the partition proceedings in the estate of John Wilbert, deceased, at No. 1 April Term, 1892.

" ' (b) That said partition proceedings be ratified and confirmed the same as if said trustee had been an original party thereto.

" ' (c) That the allotment therein to said Elizabeth Berg of Purpart E, comprising E1, E2, E3, E4, E5, E6 and E7, be held by said trustee upon the separate use trust created by the will of said John Wilbert, deceased,' be amended so that paragraph (c) thereof shall read:

" (c) That the allotment therein to said Elizabeth Berg of Purpart E, comprising E1, E2, E3, E4, E5, E6 and E7, be held by said trustee—to the extent of an undivided five-sixths—upon the separate use trust created by the will of said John Wilbert,

deceased, and that the remaining one-sixth part is adjudged to be the individual property of said Elizabeth Berg free from. any trust."

*Error assigned* was (1) in holding that a separate use trust is created by the will of John Wilbert as to the one-sixth interest of said Elizabeth Berg; (2) in holding that there is not on the face of said will such an ambiguity as warrants the court in receiving extrinsic evidence; (3) in not holding that if a separate use trust is created, the jurisdiction to appoint a trustee is exclusively in the court of common pleas; (4) in decreeing that the petition of Elizabeth Berg be dismissed.

*M. H. Stevenson*, for appellant.—The creation of a separate use is always a question of intention to be gathered from the four corners of the will, as well as from the circumstances surrounding the testator at the time he made it, and from the condition of the estate and his family: MacConnell v. Wright, 150 Pa. 284; Tritt v. Colwell, 31 Pa. 234; Morrison v. Bank, 36 Leg. Int. 215; Todd's Ap., 24 Pa. 431; Penna. Co. v. Foster, 35 Pa. 134; Chaffees v. Risk, 24 Pa. 432.

The language creates in the daughters a fee simple of the most absolute kind. No trust of any kind or trustee is mentioned, but the legal title and the beneficial interest are vested in the same persons. When testator intended a trust he named a trustee and defined his duties.

So far as the words " sole and separate use " are concerned, their ordinary meaning is so vastly different from their technical import that we have no hesitancy in saying that such highly technical words in the will of an ignorant German, who could not write his own name, should not receive their strict technical meaning unless the context and circumstances clearly indicate that such technical meaning was intended: Gratz v. Ewalt, 2 Binn. 99.

*Marshall Brown*, for appellee, not heard, cited : Hays v. Leonard, 155 Pa. 474; Lancaster v. Dolan, 1 Rawle, 231; MacConnell v. Wright, 150 Pa. 275 ; Urich's Ap., 86 Pa. 386; Livezey's Ap., 106 Pa. 205; Wright v. Brown, 44 Pa. 224; Shonk v Brown, 61 Pa. 321 ; MacConnell v. Lindsay, 131 Pa. 476.

PER CURIAM, Jan. 7, 1895: .

Neither of the specifications of error in this case is sustained. The learned court was clearly right in holding that, in his devise to appellant, the intent of her father to create a coverture trust was quite plain,—too plain indeed to justify the introduction of extrinsic evidence. All that is necessary to be said on that and other questions involved will be found in the opinion sent up with the record. On that opinion, the decree, as amended July 28, 1894, is affirmed, and appeal dismissed with costs to be paid by appellant.