## Spring's Estate.

*Wills—Trusts and trustees—Trust per autre vie.*

Active trusts may, except when restricted by statute, be created for every purpose not unlawful.

A trust per autre vie should be sustained for the same reason as an estate per autre vie.

A gift by a will in fee subject, however, to the condition that the estate shall be held by a trustee with active duties, during the life of the trustee, who is to pay the income to the cestui que trust from time to time as his best interest shall demand, with power in the trustee to terminate the trust at discretion, is a proper testamentary disposition which the courts will uphold. In such a case it is immaterial that the provisions of the will creating the trust follow an absolute devise of the estate to the cestui que trust.

An active trust may be created as a protection to the beneficiary because of his inexperience, improvidence, inability to manage his estate, or for any other purpose not illegal, which the benefactor may deem wise or expedient in order to carry out his intentions.

*Trusts and trustees—Accumulations—Act of April* 18, 1853, *P. L.* 503.

The temporary placing of the control and management of an estate devised in the hands of a trustee with discretion as to the time of terminating the same, and of the disposing of the accumulations for the benefit of the beneficiary and estate, does not bring the trust within the meaning of the Act of April 18, 1853, P. L. 503, which prohibits the permanent accumulation of income, except during the minority of the beneficiary.

Argued Oct. 26, 1906. Appeal, No. 141, Oct. T., 1906, by Anna Melazina Spring, Trustee, from decree of O. C. Allegheny Co., Jan. T., 1906, No. 157, declaring a trust at end in Estate of Mary O'Hara Spring. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Reversed.

Petition to declare a trust at an end.

From the record it appeared that the trust was created by the sixth paragraph of the will of Mary O'Hara Spring, deceased, which was as follows:

" 6. I do hereby give and devise one other of said parts or shares, being the one-third part of said rest and residue of my estate, to Guilielma Fell Alsop, Reese Denny Alsop, Mary Alsop and Elizabeth Febiger Alsop, children of my deceased daughter, Mary Lee Alsop, and their heirs and assigns forever, who shall take and hold the same share and share alike, subject, however, to the following conditions:

" The one-third share or part thus designated for the children of my deceased daughter, Mary Lee Alsop, shall be held in trust by my daughter, Anna Melazina Spring during the lifetime of my said daughter Anna Melazina Spring, she, the said Anna Melazina Spring, to have the sole control and management of said last mentioned one-third share of the residue of my real estate and to collect and receive the income therefrom, and to pay out, at her discretion, from said income to the said children of my deceased daughter, Mary Lee Alsop, or their heirs, according to their respective interests, such sums as she, the said trustee, may from time to time deem to be for their best interests; with power, however, to said trustee to terminate said trust with respect to any one or all of the said children of my deceased daughter, Mary Lee Alsop, at any time that she, the said Anna Melazina Spring may deem it for the best interests of my grandchildren, or their heirs, so to do. Any such termination of said trust to. be evidenced by writing under the hand and seal of the said Anna Melazina Spring in the nature of a quit claim deed, or deed of release, declaring such purpose."

Reese Denny Alsop, testatrix's grandson, one of the beneficiaries named in the above-quoted provisions, was the petitioner. Having attained his majority, he petitioned the or-

phans' court to adjudge as at an end as to him the trust created by his grandmother's will.

The trustee, Anna Melazina Spring, daughter of the testatrix, filed her answer denying the petitioner's contentions.

The court in an opinion by OVER, J., held that the trust was terminated.

On exceptions OVER, J., and MILLER, J., were divided in opinion, and the trustee's exceptions were dismissed. A decree was entered in accordance with the prayer of the petition.

*Error assigned* was the decree of the court.

*M. W. Acheson, Jr.,* of *Patterson, Sterrett & Acheson,* with him *R. E. Stewart,* for appellant.—This trust, involving active duties, and hence being an active trust, the mere giving to a trustee the control and management of the testamentary gift and the collection and disbursement of the income, constitutes a valid purpose, and equity will preserve the trust to give effect to the donor's right of dominion over her own property. Hence this trust, at least as to corpus, is good notwithstanding a beneficiary's majority: Dodson v. Ball, 60 Pa. 492; Barnett's Appeal, 46 Pa. 392; Rife v. Geyer, 59 Pa. 393; Krebs's Estate, 184 Pa. 222; Cooper's Estate, 150 Pa. 576; Marshall's Estate, 147 Pa. 77; Perry on Trusts, sec. 305; Pomeroy's Equity Jurisprudence, vol. 2, sections 991, 992.

The doctrine in Hibbs's Estate, 143 Pa. 217, and Eberly's Appeal, 110 Pa. 95, of temporary accumulations in the interest of judicious management, is controlling here as to the matter of income; and in any view the statute against accumulations does not impair the validity of the trust as to corpus.

The circumstances that the provisions creating this trust follow direct words of devise in favor of the beneficiaries, is immaterial, a trust being admittedly thereby clearly created: Sheets's Estate, 52 Pa. 257; Krebs's Est., 184 Pa. 222; Boies's Est., 177 Pa. 190; Wilbert's Est., 166 Pa. 113; Shower's Est., 211 Pa. 297.

The absence of a limitation over has been repeatedly adjudged by this court as immaterial and does not make this any less a trust: Shower's Est., 211 Pa. 297.

The trust created by the sixth paragraph of this will is an active trust: Krebs's Estate, 184 Pa. 222; Marshall's Estate, 147 Pa. 77; Frantz v. Race, 205 Pa. 150.

This trust is for the life of the trustee, unless the trustee should herself terminate the trust, as provided in the will. A trust, of course, need not necessarily be for the life of the beneficiaries: King's Estate, 210 Pa. 435.

*George C. Burgwin*, with him *George W. Guthrie*, for appellee.—While it is true that in order to create a valid, active trust it is not necessary expressly to devise the estate to the trustee, yet where the devise is in the first place made directly to the beneficiary in fee, any subsequent words which it is attempted to construe as reducing the fee to a lesser estate " must unequivocally show that such was the intention of the testatrix: " Shower's Estate, 211 Pa. 297, 302.

Even if it be conceded that testatrix had the right to and did create a valid, active trust for the accumulation of the minors' income during their minority, as soon as each one of the minors came of age the trust ceased as to him: Kuntzleman's Est., 136 Pa. 142; Shallcross's Estate, 200 Pa. 122; Yarnall's App., 70 Pa. 335; Ogden's App., 70 Pa. 501; Koenig's App., 57 Pa. 352; Megargee v. Naglee, 64 Pa. 216.

An examination of the cases cited by counsel for appellant in which the trust was sustained as active, and the discretionary powers upheld over the income when the beneficiary was of age, shows that it appears in the will in each case that the trust was for coverture, or a spendthrift trust, or to preserve the corpus for remainder-men, or that the active duties of the trustee were primarily in the mind of the testator, and were specifically imposed.

OPINION BY MR. JUSTICE ELKIN, January 7, 1907 :

In disposing of the question raised by this appeal, it is important to keep in mind, that the real estate devised being the subject-matter of this controversy, belonged absolutely to the testatrix, who had the undoubted right to subject her testamentary gift to such conditions and limitations as she chose to impose, provided only, that the limitations and conditions were lawful in purpose and not restricted by statute. It is

not for him who receives the gift to fix the quantum of the estate devised, the time when it is to vest absolutely, the method by which it is to be controlled or managed, or the conditions to which it is subjected. As was said by our present Chief Justice in Holbrook's Estate, 213 Pa. 93, " In Pennsylvania the right of a man to do as he will with his own has always been liberally construed. Accordingly, a donor, not under any obligation to give, may give with such conditions as he pleases, subject only to the restriction that the conditions shall not be clearly illegal." That a benefactor has the power to restrict the enjoyment of his bounty through the medium of a trustee during the life of the beneficiary is the unquestionable law of this state: Rife v. Geyer, 59 Pa. 393. If the trust can continue during the life of the beneficiary it necessarily follows that it may be operative during the lifetime of the trustee named in the will and in being at the inception of the trust. It seems to have been conceded by the learned presiding judge in the court below, that a valid active trust had been created by the express terms of the will of the testatrix, but it was held that the trust terminated when the beneficiaries became of age because of the statute which prohibits the permanent accumulation of income beyond the period of their minority. There is abundant authority to show that a valid active trust was created by the sixth paragraph of the will of Mary O'Hara Spring, deceased: Barnett's Appeal, 46 Pa. 392; Rife v. Geyer, 59 Pa. 393; Dodson v. Ball, 60 Pa. 492; Marshall's Estate, 147 Pa. 77; Cooper's Estate, 150 Pa. 576. It is immaterial that the provisions of the will creating the trust follow an absolute devise of the estate to the beneficiaries: Sheets's Estate, 52 Pa. 257; Wilbert's Estate, 166 Pa. 113; Boies's Estate, 177 Pa. 190; Krebs's Estate, 184 Pa. 222. Nor does the fact that there was no limitation over affect the validity of the trust, if, as in the case at bar, it clearly appears that it was the intention of the benefactress to create a trust and thus guard her bounty with the protection of a trustee in whose judgment and discretion she evidently had the fullest confidence. It is a primary rule of our cases to give effect to the intention of the testator, and the presumption always is that the intent was lawful. Applying this principle to the present case, there is presented an active trust created by apt

words and a testamentary intent clearly expressed, which must be sustained, unless it can be shown that the trust thus created is in violation.of an inflexible rule of law or of statutory restrictions.   The burden is on him who undertakes to show the illegal purpose.   It seems to have been assumed by the learned presiding judge in the court below, and is suggested by the eminent counsel for appellee here, that in order to support a trust of this character it must be a coverture trust, or a spendthrift trust, or a trust to support contingent remainders.   We do not so understand the law.   An active trust may be created as a protection to the beneficiary because of his inexperience, improvidence, inability to manage his estate or for any other purpose, not illegal, which the benefactor may deem wise or expedient in order to carry out his intentions : Perry on Trusts, section 305.   Or as is stated in Pomeroy's Equity Jurisprudence, vol. 2, section 991.   "They (active trusts) may, except when restricted by statute, be created for every purpose not unlawful."   We quite agree with the learned president judge of the court below in King's Estate, 210 Pa. 435, wherein he announced the very sound doctrine that there is just as much reason for sustaining a trust per autre vie as an estate per autre vie.

There remains one question for our consideration in this case.   Did the temporary placing of the control and management of the estate devised in the hands of the trustee with discretion as to the time of terminating the same and of disposing of the accumulations bring the trust within the meaning of the Act of April 18, 1853, P. L. 503, which prohibits the permanent accumulation of income except during the minority of the beneficiary?   Was the trust under the provisions of the will for accumulation only, or was the accumulation of income an incident to the general purpose thereof ?   It is an accumulation designed as a permanent addition to the corpus of the estate beyond the statutory period which is prohibited.   It, however, has been frequently held that accumulation in the nature of the withholding of income temporarily and for the purpose of providing a fund in the interest of the judicious management of the trust is valid, and for such a purpose and to such an extent a testator may validly confer upon a trustee discretionary power over income : Eberly's Appeal, 110 Pa.

95; Hibbs's Estate, 143 Pa. 217; Howell's Estate, 180 Pa. 515. We think the case at bar belongs to this class of cases and is controlled by the rule therein laid down. The trustee is vested with large discretionary powers, and, acting entirely within the authority contained in the will, can pay to the beneficiaries the entire income. The corpus of the estate with all the incidents of improvements, insurance, taxes, repairs, is under the control and management of the trustee. The trustee is given the power to manage the estate, receive the income, pay out the whole or any part of it for the use of the beneficiaries, and to terminate the trust estate at any time when she shall deem it advisable for the best interests of the beneficiaries. Since the death of the testatrix these active duties have devolved upon the trustee and have been performed by her. She is now exercising her control and management of the estate as directed by the will, and we can see no sufficient reason why the intention of the testatrix should be disregarded. So far as the record discloses, there is no occasion to go into the question of the good faith of the trustee in either paying or withholding the income. The only income unpaid at the time of the filing of the petition, was about $600, which has been since that time voluntarily paid to the appellee. We doubt not that the trustee in the future will continue to pay the beneficiary such portion of the income—or all of it—as she shall deem expedient for his best interests.

Decree reversed and petition dismissed, costs to be paid out of the trust estate of appellee.