## Knight's Estate.

*Trusts and trustees—Active trust—Absence of limitation over.*
A gift by will of a share of the estate of a testatrix to her executors in trust for her daughter, with a direction that "the income arising therefrom shall be paid to her my said daughter from time to time annually during the term of her natural life freed from the obligations and control of any husband she may have" with power in the daughter to dispose of her share by will, but without limitation over, creates an active trust for the daughter for life.

Argued Jan. 15, 1912. Appeal, No. 295, Jan. T., 1911, by Harriet W. Knight, from decree of O. C. Phila. Co., Jan. T., 1911, No. 308, dismissing exceptions to adjudication in Estate of Sarah J. Knight, deceased. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCH-ZISKER, JJ. Affirmed.

Exceptions to adjudication. Before GUMMEY, J.

From the record it appeared that Harriet W. Knight claimed an absolute interest in a share of her mother's estate under a clause in the mother's will which was as follows:

"One other equal third part or share of my estate shall be held by my said executors and the survivor of them, in trust for my daughter Harriet W. Knight, and the income arising therefrom shall be paid to her my said daughter from time to time annually during the term of her natural life freed from the obligations and control of any husband she may have. But my said daughter shall have power to dispose of her said share of my estate both principal and interest by any instrument in writing in the nature of a last will and testament."

The appellant was not married or in contemplation of marriage at the date of the will.

The auditing judge disallowed the claim.

Exceptions to the adjudication were dismissed.

*Error assigned* was decree dismissing exceptions.

*J. H. Brinton,* with him *Wm. Meharg Lilly,* for appellant.

*Alex. Simpson, Jr.,* with him *Jere J. Crowley,* for appellee.

PER CURIAM, February 19, 1912:

Nothing could be clearer than the intention of the testatrix that the shares of her son and daughter should be held in trust for them. Her direction is that a share of her estate be held by her executors, and the survivors of them, in trust for each of her children, the income arising therefrom to be paid to them annually during the term of their natural lives. As this intention of the testatrix to create a trust and guard her bounty for her children with the protection of a trustee is so clear, the validity of the trust is not affected because there is no limitation over: Spring's Estate, 216 Pa. 529.

Appeal dismissed and decree affirmed with costs.