## Schuldt *v.* Reading Trust Co. et al., Appellants.

*Trusts and trustees—Will—Active trust— Devise to son—Prior construction of same will by Superior Court—Insufficient parties— Inadequate case-stated—Circumstances of testator.*

1. Each portion of the expression of an entire testamentary idea must be read in connection with its context, and especially is this so when the prior gift is made in words that in themselves raise only a presumption of a fee, which is rebutted by subsequent words.

2. A justifiable transposition of the provisions in a will is always allowed, to ascertain the true meaning of a testator.

3. No special form of words is required to create a trust. The fact that the word "trust" is not used, is in no sense controlling.

4. In construing a will, to ascertain whether or not a testator intended to create a trust for a son, the court will take into consideration the circumstances surrounding the testator at the time he made it, and particularly as to the position of the son for whom he is providing.

5. A gift of the income of real estate to a son of drunken and improvident habits, with a subsequent direction that a trust company shall take charge of the real estate, collect the rents, make repairs, pay taxes and pay the balance of the income to the son for the support of himself, his wife and children, creates an active trust in the trust company, and the son cannot make title in fee to the real estate.

6. In such case, a contrary construction of the same will by the Superior Court, in a prior proceeding, will be disregarded, where it appears that the trust company was not a party to such proceeding, that it was decided on an insufficient case-stated, and that no action had been taken upon the judgment entered therein.

7. When it is plain, from the language of a will, that the testator's dominant purpose is to confer a fee simple absolute, he cannot, be subsequent words, limit the natural attributes of that estate. But if his language, taken as a whole, negatives the idea of such an intention, the right to create trusts to control the possession and management of the property devised is most broad.

8. A court should never undertake to declare title to real estate good and marketable unless all the parties in inteerst are present on the record; and, where the controlling question for determination is the construction of a written instrument, the case stated should set forth the document in full, with all conceivable relevant facts.

*Practice, C. P.—Case-stated.*

9. In a case-stated, whatever is not distinctly and expressly agreed upon and set forth as admitted, must be taken not to exist.

Argued March 15, 1921. Appeal; No. 155, Jan. T., 1921, by defendants, from judgment of C. P. Berks Co., June T., 1920, No. 138, for plaintiff on pleadings in case of Edward Schuldt v. Reading Trust Co. and George Heckman. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Reversed.

Ejectment for real estate in City of Reading. Before WAGNER, J.

The opinion of the Supreme Court states the facts.

Judgment for plaintiff on pleadings. Defendants appealed.

*Error assigned,* inter alia, was judgment, quoting it.

D. E. *Schroeder,* for appellants.

*Joseph R. Dickinson* and *Wm. Kerper Stevens,* for appellee.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, May 2, 1921:

Edward Schuldt brought an action of ejectment against the Reading Trust Company and George Heckman to recover possession of certain real estate in the City of Reading; judgment was entered, on the pleadings, in favor of plaintiff; defendants have appealed.

Schuldt claims an absolute fee simple estate under a devise in his father's will, which reads thus: "I give and bequeath to my son, Edward Schuldt, the income of the following described properties, viz: 816 Penn Street, 919, 915, 921 Franklin Street and 815½ Cherry Street, Reading, Pa., and I do hereby direct the Reading Trust Company to take charge of these houses, collect the rents, keep them in repair, pay the taxes, and pay the balance of the income therefrom in monthly payments to my son Edward for the support of himself, his wife and children."

The Reading Trust Company defends on the ground that it is a trustee, fixed with active duties, and, as such, has a legal right of possession against plaintiff, who, it contends, has but an equitable interest; Heckman is a tenant, under lease from the trust company.

Plaintiff's claim rests on the theory that, by the bequest of "the income" from the premises described in his father's will, he became entitled to a fee simple absolute in the real estate itself, and that the subsequent testamentary direction,—as to the trust company's management of the properties in question,—represents simply an ineffective attempt to limit his control over what had previously been given him in fee.

The trouble with plaintiff's position is that it fails to take into consideration the language of the gift, as a whole. He would separate the devise into two parts, and discard the second one; whereas each portion of the expression of an entire testamentary idea must be read in connection with its context, in order to ascertain the real intent of the testator (Boies's Est., 177 Pa. 190, 194-5; Krebs's Est., 184 Pa. 222; Cooper's Est., 150 Pa. 576, 583-4), "especially is this so when, as in the present case, the prior gift is made in words which in themselves only raise a presumption of a fee": Sheets's Est., 52 Pa. 257, 263-4.

A justifiable "transposition" of the provisions in a will is always allowed, "to ascertain the true meaning of a testator": Cooper's Est., 150 Pa. 576, 578. If we pursue this course, the item in question will read thus: "I hereby direct the Reading Trust Company to take charge of these houses, viz, the following described properties [naming them], [in trust to] collect the rents, keep them in repair, pay the taxes and pay the balance of the income therefrom in monthly payments to my son Edward, [which] income I give and bequeath to my said son Edward Schuldt for the support of himself, his wife and children." In this transposition we eliminate only one word, the article "the," substituting therefor the pronoun "which," and we insert merely the phrase "in trust to," this being permissible because the context clearly implies a trust; when thus read, the will shows an active trust, at least for the life of plaintiff.

No special form of words is required to create a trust; "the manner in which a trust is imposed is not material if the intention can be clearly gathered from the will"; and the fact that the word "trust" is not used is in no sense controlling: Cooper's Est., supra, 584; Steinmetz's Est., 168 Pa. 171, 174.

Here the Reading Trust Company, which is named as executor of the will, is not particularly designated a "trustee"; but, as said in Sheets's Est., 52 Pa. 257, 266,

"one may be made a trustee without calling him such ......; to determine whether there is a trust we are to look, not at the title given but at the powers and duties conferred."

In the present instance it is quite apparent that the trust company is given such duties to perform as to create what is known in the law as an active trust: Krebs's Est., 184 Pa. 222, 225; Spring's Est., 216 Pa. 529, 535; Knight's Est., 235 Pa. 149; Simonin's Est., 260 Pa. 395, 397; Deniston v. Deniston, 263 Pa. 224, 227.

Ordinarily, to warrant the implication of a fee from a devise of income, there must be "a gift......of the gross rent" (Deniston v. Deniston, 263 Pa. 224, 229); but (there being a gift of net rents only), even if the devise before us could be construed to vest an equitable fee in plaintiff, his interest,—so far as the right to recover the physical possession of the corpus of the property is concerned,—would still be subject to the right of control vested by testator in the trust company. This might be so even though "the provisions of the will creating the trust followed an absolute devise" (Spring's Est., 216 Pa. 529, 533), instead of one by implication alone, as here.

When it is plain, from the language of the gift, that a testator's dominant purpose is to confer a fee simple absolute, he cannot by subsequent words limit the natural attributes of that estate (Pattin v. Scott, 270 Pa. 49); but, where the language employed, taken as a whole, negatives the idea of such an intention, the right, under our decisions, to create trusts, for the purpose of controlling the possession and management of the property involved, is most broad: Spring's Est., Knight's Est., and Somonin's Est., supra.

The answer in the present case avers that testator made his will, "well knowing at the time that......his son was a person of drunken and improvident habits"; and this is undenied. In Stambaugh's Est., 135 Pa.

585, 596, 598, it is held that, in construing a will, the court, to ascertain whether or not a testator intended to create a spendthrift trust, might, and should, take into consideration "the circumstances surrounding the testator at the time he made it," particularly as to the position of a son for whom he was providing (see also Frisbie's Est., 266 Pa. 574, 578) ; and, on facts much less strong than those at bar, after saying, "it is to be observed that no question arises as to creditors," we state, "as between the trustee and his cestui que trust, we must give this will the effect of a spendthrift trust."

From the will now before us, read as a whole, it is plain that, when testator wanted to make a gift free of trust, he knew how to accomplish it, for, in the item next to the one containing the trust in question, he devises, in apt language, certain other real estate to a daughter, and, in the following item, makes a gift, in equally appropriate words, to a granddaughter; but, in the case of Edward, he uses, with apparent good reason, language clearly indicating a purpose to create a trust for the control of the property, at least during the life of his son.

It is unnecessary to decide as to the precise interest of Edward, or concerning that of his wife and children; all we are called upon to determine is whether plaintiff has the right to recover possession from defendants, and this, as already indicated, we are of opinion he has not.

It appears that, in 1893, plaintiff went through the form of making a contract of sale, for the same property involved in this suit, to one Herbine; then a case-stated was submitted for the opinion of the Common Pleas of Berks County, and that court (the Reading Trust Company, trustee, being no party to the record) determined plaintiff had a fee simple absolute; whereupon an appeal was taken to the Superior Court, which tribunal, in Schuldt v. Herbine, 3 Pa. Superior Ct. 65, affirmed the judgment of the court below. It further appears that,

when plaintiff undertook to assert the right which he thus sought to secure, the trust company obtained an injunction from the Orphans' Court of Berks County, restraining him from interfering with its management and control of the property in controversy; from then on nothing appears to have been done in the matter until the present action in ejectment was instituted. In other words, the decision of the Superior Court was neither acted on nor sought to be enforced by any judicial order; so, in departing therefrom, we are not required to determine what our attitude might be, after such a lapse of time, were these facts different.

It is seldom that, in another action involving the same question, we are brought to the point of overruling a prior decision of the Superior Court; but this we are now obliged to do. It is but fair to say, however, that, when the judgment under consideration was rendered, there appears to have been, in the case-stated, only a meager presentation of the facts. Evidently there was no real contest, and the parties inserted in their case-stated the single testamentary provision containing the devise, citing no other part of the will and calling attention to none of the attending facts; these being absent from the case-stated, the court not only lacked the benefit of whatever light they might shed, but had to assume their actual nonexistence for pending purposes. "In a case-stated, whatever is not distinctly and expressly agreed upon and set forth as admitted, must be taken not to exist": Berks County v. Pile, 18 Pa. 493, 497; Loux v. Fox, 171 Pa. 68, 71.

It can be seen from the circumstances of the case at bar that a court should never undertake to declare title to real estate good and marketable unless all the parties in interest are present on the record; and, where the controlling question for determination is the construction of a written instrument, the case-stated should set forth the document in full, with all conceivable relevant facts.

We may add that this appeal suggests clearly the inherent weakness of the recently much vaunted system of advisory judgments.

While appreciating why the court below, notwithstanding the injunction on plaintiff from the orphans' court, felt constrained to follow the construction placed on the will now before us by the Superior Court, yet we must depart therefrom, for the reasons already given.

The assignments of error are sustained, the judgment of the court below is reversed, and judgment is here entered for defendants.