## Yentis Estate

*Irwin S. Lasky*, for accountant and trustee.

SHOYER, J., May 28, 1954.—Bella Ominsky Yentis died December 22, 1951, survived by a spouse, Isaac

Yentis, and three children, Rose Zelitch, Fanny Barsky and Aaron Ominsky, and leaving a will whereby she directed the payment out of her estate of her medical and funeral expenses; made three bequests of $1,000 each in trust, which are hereinafter discussed; gave premises 3025 West York Street, Philadelphia, to her daughter, Rose Zelitch, her heirs and assigns; stated that she is making no bequests or provisions for her husband because he is well off financially (and testatrix's husband did not elect to take against the will), and gave the residue of her estate to her daughter, Rose Zelitch.

By the ninth paragraph of her will testatrix directed that all estate, inheritance and succession taxes shall be paid out of the principal of her general estate to the same effect as if these taxes were expenses of administration, and all legacies, devises and other gifts made by the will shall be free and clear thereof.

Letters testamentary were granted to the accountant on December 29, 1951.

In paragraph second, testatrix has set up a trust of $1,000, "to invest and keep the same invested until my grandson Myron Aaron Zelitch shall have reached the age of twenty-five years, at which time the Trust shall terminate and my Trustee shall give the corpus of the Trust to Myron Aaron Zelitch. The said Trustee shall have the right to give to the said Myron Aaron Zelitch such sum or sums out of the income or principal of the said Trust property as in his opinion he shall deem necessary to provide for any emergency or other needs which may arise".

The beneficiary of this trust is but 10 years of age, and the purpose of the trust, because of the child's immaturity, is, therefore, obvious.

"An active trust may be created as a protection to the beneficiary because of his inexperience, improvidence, inability to manage his estate or for any other

purpose, not illegal, which the benefactor may deem wise or expedient in order to carry out his intentions: Perry on Trusts, section 305. Or as is stated in Pomeroy's Equity Jurisprudence, vol. 2, section 991. 'They (active trusts) may, except when restricted by statute, be created for every purpose not unlawful' ": Spring's Estate, 216 Pa. 529, 534 (1907).

The temporary accumulation of income beyond minority which may occur as the result of the exercise of his discretion by the trustee does not violate our statute against accumulations: Spring's Estate, supra, at p. 534.

A similar trust, using identical language, is set up in the third paragraph for the benefit of Geoffrey Leonard Zelitch, who is only four years of age.

In the seventh paragraph testatrix has created a trust for her son, Aaron Ominsky, in the following language:

"Seventh: I give and bequeath the sum of One Thousand Dollars ($1000) to my Trustee hereinafter named, for the following uses and purposes: To hold, invest and re-invest the same and to use any or all of the income or principal for the support and maintenance of my son, Aaron Ominsky."

The auditing judge does not know Aaron's age, but assumes he is an adult. The purpose of giving discretion to the trustee in connection with the support and maintenance of this beneficiary is not readily apparent.

The trust is an active one, however. It is entitled to the protection of the law, and will, therefore, be sustained, although there is no limitation over upon the death of the cestui que trust: Spring's Estate, supra, pp. 533, 534; Knight's Estate, 235 Pa. 149 (1912); Hunter's Commonplace Book, p. 1274, sec. 4.

There are difficulties attendant upon the performance of this trust, however. I am advised by the statement of proposed distribution that it is not known

whether Aaron Ominsky is living or dead. His last known address was 1047 Pochiovi, Yachachits, Moscow, Russia, that is, behind the "Iron Curtain". He has not been heard from since February 1947, and although the family has written to him on several occasions since that time, no reply has been received, nor have their letters been returned. Approximately nine months ago a cablegram was sent to Aaron Ominsky, but no acknowledgment of its receipt has been received.

A presumption of death would arise as of February 1954, due to his unexplained absence, and his being unheard of during that period of time. Likewise, until February 1954, his continuance of life would be presumed. Under the will he takes a vested interest. Since he cannot be located, the factual situation precludes exercise of any discretion or sound business judgment on the part of the trustee.

There are no proceedings before me to declare him legally dead, and apparently if such a decree were entered in due course, distribution would be difficult, if not impossible, because of an apparent lack of information as to those who would be Aaron Ominsky's heirs as of the time of his death.

Under the facts as now presented, it appears to me that if distribution were made, this beneficiary would not have the actual benefit, use, enjoyment or control of this bequest, and I so find.

Upon consideration of all the circumstances, I am impelled to avail myself of the procedure provided by the "Iron Curtain" Act of July 28, 1953, P. L. 674, 20 PS §§1155 et seq., and to award the sum of $1,000, bequeathed in the seventh paragraph of the will, to the Commonwealth in accordance with section 2 of the above act.

I therefore direct the accountant, who is also the trustee, to withhold distribution of the $1,000 to Aaron Ominsky, to convert it to cash if he has not already

done so, and to pay it through the Department of Revenue into the State Treasury without escheat. Upon compliance with this order, the accountant shall be relieved of and released from any and all liability for any claim or claims now or hereafter arising with respect to such money: Section 3 of the above act.

There was no objection to the account which shows a balance of principal, personalty, of $2,936.09, and a balance of income of $216.60, making a total of $3,152.69, which, composed as indicated in the account, together with additional income to date of distribution, is awarded as follows:

One third to Henry W. Balka, in trust for Myron Aaron Zelitch, a minor, for the uses and purposes set forth in the will;

One third to Henry W. Balka, in trust for Geoffrey Leonard Zelitch, a minor, for the uses and purposes set forth in the will, and

One third to Aaron Ominsky, to be paid through the Department of Revenue into the State Treasury, without escheat, as above.

The account shows a balance of real estate of $5,500 which, composed of premises 3025 West York Street, Philadelphia, Pa., is awarded to Rose Zelitch, her heirs and assigns.

Leave is hereby granted the accountant to execute and deliver all necessary transfers and assignments.

The accountant will submit a schedule of distribution, in duplicate, certified by counsel to be correct and in conformity with this adjudication, in which schedule the real estate awarded will be described by metes and bounds, with a recital of decedent's title in accordance with rule 6(0), and which schedule of distribution, when approved by me, will be attached hereto and form part hereof.

A certificate of the official examiner under rule 9 of this court as to his examination of the assets com-

posing the funds awarded in trust, is to be annexed hereto.

And now, May 28, 1954, the account is confirmed nisi.