## DeLone Estate

*Larzelere & Meinzer*, and *Albert C. Weymann, Jr.*, for accountants.

*J. Brooke Aker*, p.p., guardian ad litem.

TAXIS, P. J., November 29, 1963.—Decedent died on September 17, 1960, and was survived by her husband, Joseph M. DeLone (who also died on December 23, 1962) and seven children. In paragraph Fourth of her will, she created a life estate in her residuary estate for her husband, and then provided:

"(b) Upon the death of my said husband, or upon my death if he should predecease me, [my trustee shall] pay over and distribute the then remaining balance of principal of my residuary estate, absolutely and in equal shares, to such of my children as are then living and, per stirpes, to the then living issue of such of my children who may then be deceased; provided, however, that if my daughter, Marie Louise DeLone, is then living, her share of principal, which she would otherwise be entitled to receive outright in accordance with the foregoing provision, shall be paid over and distributed to the then Trustees under a certain Declaration of Trust heretofore made by my son, Francis X. DeLone and my daughter, Marguerite Munday. . . ."

Letters testamentary on the estate of her deceased husband, Joseph M. DeLone, were granted by the Register of Wills of this county on January 9, 1953, to Joseph M. DeLone, Jr. and E. Coughlin DeLone, executors of said will named.

By decree entered on June 5, 1953, J. Brooke Aker, Esq., was appointed guardian ad litem for Marie Louise DeLone, a daughter of testatrix.

The problem presently before the court arises from the fact that the "Declaration of Trust" referred to

above does not exist as such. The said Marie Louise DeLone, for personal reasons, has been a special object of care of her parents and her brothers and sisters, and she has thus far been provided for informally but effectively by those persons. On August 12, 1948, Janet Malley and Marguerite Munday, the eldest children of decedent and her husband, executed a "Declaration of Ownership and Custodianship" of certain securities which had been transferred into their names earlier by their mother and father, for the benefit of Marie Louise DeLone. In that document, Janet Malley and Marguerite Munday acknowledged that they held the said property, and any of which might be transferred to them in the future, ". . . as and for the absolute property of the said Marie Louise DeLone, the real owner thereof; . . ." They further agreed that all of the said property would be devoted ". . . solely for the use and benefit of the said Marie Louise DeLone, . . ." and would comprise her estate should she die. The two "custodians" also undertook to keep an account of their administration, and agreed that, in case of the death of one of them, the next oldest brother or sister should be substituted as custodian.

On January 3, 1955, in a writing, all of decedent's children agreed that her son, Francis X. DeLone, should become substituted custodian in place of Janet Malley, who desired to resign. On February 15, 1955, the said Francis X. DeLone executed an agreement whereby he accepted all of the responsibilities created by the original writing dated August 12, 1948, and agreed to serve thereunder. The arrangement remains in existence to the present time, functions well, and now has a principal value of about $47,000, exclusive of any distribution from this estate.

By the petition for adjudication, the court is requested to award the one-seventh share of this estate attributable to the interest of Marie Louise DeLone,

". . .To Francis X. DeLone and Marguerite Munday, to be held and administered by them for the sole benefit of Marie Louise DeLone, . . . without indicating of record or otherwise the aforesaid fiduciary relationship which exists with respect thereto." The guardian ad litem for Marie Louise DeLone, however, states in his report that he believes that her interests "would be best served by awarding the one-seventh share to Francis X. DeLone and Marguerite Munday to be held by them under the Declaration of Custodianship as the absolute property of Marie Louise DeLone." Obviously considerable confusion is present here as a result of this family's efforts to provide for Marie Louise DeLone, but now that the matter has finally come before the court, it seems appropriate to resolve the problem rather than to perpetuate it.

Decedent's will contains a latent ambiguity in its reference to a declaration of trust. This may always be explained by extrinsic evidence: Gerety Estate, 354 Pa. 14. The court is satisfied from the information furnished by counsel that the instrument referred to is the declaration of ownership and custodianship dated August 12, 1948, and therefore finds that the intent of testatrix was to award the share of Marie Louise DeLone to the current "custodians" under that declaration.

Regardless of the linguistic accuracy of "custodianship," however, there is no fiduciary relationship in Pennsylvania so characterized, at least which would be applicable here. However, no particular form or words are necessary to create a trust, if the necessary intention is manifested: Schuldt v. Reading Trust Company, 270 Pa. 360; Thornton v. Koch, 317 Pa. 400. Whatever reveals the intention of a party that the property of which he is the legal owner shall belong to another beneficially, is sufficient: Smith's Estate, 144 Pa. 428. What is here termed a declaration of ownership and

custodianship is, therefore, adequate to create an active trust, of which Marguerite Munday and Francis X. DeLone are trustees, and Marie Louise DeLone is the beneficiary. The guardian ad litem suggests that the filing of the trust documents with this court as may ultimately be required, and the presentation of accounts were not specifically envisioned by the members of the family who evolved the present arrangement, and this is no doubt correct. This, however, cannot offset the benefits in protection to the beneficiary and in administration to be obtained by the recognition of this relationship as an active trust. . . .

The entire balance of principal and income accrued since December 23, 1962, is awarded as follows: 1/7 share each to Janet Malley, Marguerite Munday, Kathleen Freed, Joseph M. DeLone, Jr., E. Coghlin DeLone and Francis X. DeLone; and 1/7 share to Francis X. DeLone and Marguerite Munday, trustees for Marie Louise DeLone.

And now, November 29, 1963, this adjudication is confirmed nisi.