Ruth M. BACH, Melvin C. Webb, and the First Pennsylvania Banking and Trust Company, Executors of the Estate of Charles T. Bach, Deceased, Plaintiffs,

v.

Edgar A. McGINNES, Individually and as United States District Director of Internal Revenue for the Internal Revenue District of Philadelphia, Pennsylvania, Defendant.

Civ. A. No. 28132.

United States District Court
E. D. Pennsylvania.

June 10, 1963.

Charles J. Biddle, Frederick E. S. Morrison, James J. Cloran, Drinker, Biddle

& Reath, Philadelphia, Pa., for plaintiffs.

Drew J. T. O'Keefe, U. S. Atty., Sidney Salkin, Asst. U. S. Atty., Philadelphia, Pa., Louis F. Oberdorfer, Asst. Atty. Gen., Solomon Fisher, Edward S. Smith, David A. Wilson, Jr., Dept. of Justice, Washington, D. C., for defendant.

GRIM, District Judge.

Plaintiffs are suing to recover for an alleged overpayment of federal estate tax. On the basis of stipulated facts defendant has moved to dismiss the action.

Charles T. Bach died on May 3, 1955, a resident of Pennsylvania. In his will, after several comparatively small legacies, he left the residue of his estate in trust the income from which was payable to his widow for life with the remainder of the principal to certain named relatives absolutely. He provided also that if any of the named relatives should predecease the widow his or her share was to go to the other named relatives absolutely. If all the named relatives should predecease the widow the remainder was to go to Drexel Institute of Technology absolutely. Drexel Institute is an educational corporation under section 2055(a) of the Internal Revenue Code which provides:

> " * * * For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate the amount of all bequests * * * (2) to or for the use of any corporation organized and operated exclusively for * * * educational purposes * * *."

The question here is whether, in determining the amount of the net estate for federal estate tax purposes, what, if any, deduction may be made on account of the bequest to Drexel Institute.

To determine whether or not the conditional gift to Drexel Institute entitles the estate to an estate tax deduction, reference must be made to Treasury Regulation § 20.2055—2(b) which provides:

> " * * * If as of the date of a decedent's death, a transfer for charitable purposes is dependent upon the performance of some act or the happening of a precedent event in order that it might become effective, no deduction is allowable unless the possibility that the charitable transfer will not become effective is so remote as to be negligible * * *."

Putting this Regulation in a more positive form to apply it more understandingly to the facts of the present case, it means that no estate tax deduction will be allowed for a legacy to a charity (educational institution) if because of a condition created by the will there is a more than negligible possibility that some one other than the named charity will receive the legacy. In the present case, considering the age of the widow, the ages of the named relatives and actuarial principles, there is approximately a 60 per cent possibility that at least one of the named relatives will survive the widow and thus deprive Drexel Institute from sharing in the estate. A 60 per cent possibility obviously is not a negligible one. Consequently, because of the quoted regulation, the legacy to Drexel Institute does not entitle the estate to a charitable deduction. This regulation is worded strongly in favor of the government, but it has been followed by the courts. See Commissioner v. Sternberger's Estate, 348 U.S. 187, 75 S.Ct. 229, 99 L.Ed. 246 (1955); United States v. Dean, 224 F.2d 26 (1st Cir. 1955).

Following the rights given to her under Pennsylvania law, the widow elected to take against the will, which meant that she inherited through her husband's estate in the same manner as though there had been no will. In this case, because of the election, she received 50 per cent of the estate outright.

On several occasions, the Pennsylvania Supreme Court has had cases where testators had set up life estates

in trust for their widows with remainders to other people and the widow had elected to take against the will. See Schmick Estate, 349 Pa. 65, 36 A.2d 305 (1944); Kern's Estate, 296 Pa. 348, 145 A. 824, 66 A.L.R. 1342 (1929); Disston's Estate, 257 Pa. 537, 101 A. 804, L.R.A.1918B, 62 (1917). The general rule[1] to be gathered from the Pennsylvania Supreme Court decisions is that the election of a widow to take against a will is equivalent to her death, and unless the will plainly indicates a contrary intent, remainders are accelerated and the remaindermen take an absolute interest immediately upon the filing of the election to take against the will.

■ The provisions of the will in the present case indicate that the testator intended to provide for his wife first and after her, his named relatives and that only after these favored legatees had been provided for was Drexel Institute to receive anything. Applying this construction of the will and the usual rule in Pennsylvania, it follows that the widow's election to take against the will causes the will to be read as though the widow had died. The theoretical death of the widow prior to that of the named relatives, by the terms of the will, deprived Drexel Institute of its possible legacy from the estate and it also deprived the estate of any right to a charitable deduction.

■ There is another aspect of the case which should be discussed. Before the widow filed her election to take against the will, the named relatives and Drexel Institute agreed that if the widow should file an election to take against the will, each of them would receive a certain agreed interest in the half of the estate not going to the widow upon the filing of her election. The amount of money which Drexel Institute received under this agreement was considerable. The estate claims that this sum going to Drexel Institute constitutes a charitable deduction. This claim must be rejected.

What Drexel Institute received under the settlement agreement cannot be characterized as the "inheritance" of a conditional legatee. Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119 (1938). As has been pointed out, the widow's election accelerated the remainder interest of the named relatives and deprived Drexel Institute of its contingent legacy. The will, as modified by the widow's election, gave Drexel Institute nothing. What Drexel Institute actually received under the settlement agreement it received from the named relatives and not from the testator. Robbins v. Commissioner, 111 F.2d 828 (1st Cir. 1940). Hence there can be no charitable deduction.

Order

And Now, June 10, 1963, plaintiffs' complaint is dismissed.

---

1. Pennsylvania law applies because the decedent was a resident of Pennsylvania.