## Austin Estate

*High, Swartz, Roberts & Seidel*, and *Morgan, Lewis & Bockius*, for accountants.

*Samuel L. Sagendorph*, guardian and trustee ad litem.

TAXIS, P. J., May 6, 1965.—This matter was initiated by a petition to open the adjudication of this court dated November 12, 1963, sur the first account of Anna A. Austin, Mabel A. Converse and Jean L. A. duPont, substituted trustees under the will of William L. Austin, deceased.

The petition to open the adjudication raises for determination the following questions:

1. Whether or not by reason of the election of Caro Austin to take her intestate share of the estate of William L. Austin, Jr., the said Caro Austin has forfeited her life estate in the trust for William L. Austin, Jr. under the will of William L. Austin, deceased, appointed to her under section third of the will of William L. Austin, Jr., and awarded to her by the adjudication dated November 12, 1963.

2. If the answer to question 1 be in the affirmative, whether or not by reason of the forfeiture by Caro Austin of her said life estate, the principal of said trust vested as of February 11, 1963, the date of the death of William L. Austin, Jr., equally in the eight nieces and nephews of William L. Austin, Jr., named under section third of his will to take the principal upon the death of Caro Austin; and, finally;

3. Whether or not the 20 shares of common stock of General Motors Corporation, received by trustees on June 18, 1962, as a distribution on 40 shares of com-

mon stock of E. I. duPont deNemours & Company, then held and awarded to the estate of William L. Austin, Jr., as income should be retained in principal.

William L. Austin died a resident of Montgomery County, Pa., on March 10, 1932, leaving a will dated November 22, 1922, which was duly probated in the Office of the Register of Wills of Montgomery County. By paragraph second of his will, testator devised and bequeathed his residuary estate in trust to pay the income (following the death of his widow, Mary Austin, who died January 4, 1942), equally among his six children so long as they live, and further provided, inter alia, as follows:

"Upon the death of any of my said children, I direct that that portion of the principal of my estate which may have supported or produced the share of income to which such child so dying was entitled, or would have been entitled after the decease of my wife, shall be paid, transferred, set over and distributed to such person or persons as said child so dying, shall by his or her last Will and Testament in writing direct, limit and appoint to receive the same, and in default of such last Will and Testament in writing then to pay, transfer, set over and distribute the same to the issue of the child so dying, in equal shares per stirpes, absolutely in fee, and in default of such last Will and Testament in writing and of issue surviving my child so dying, as aforesaid, then to hold said share in Trust for the use and benefit of my other children in equal shares, upon the same terms and conditions as are herein set forth for their respective shares".

By deeds of release, the various children of testator irrevocably renounced and released his or her right to appoint generally under the aforesaid power of appointment granted to them by testator's will, and reserved the right only to appoint within a class which does not include any others than the spouse of the

child, descendants of such child, or his or her spouse, and descendants of testator and spouses of such descendants.

Following the death of two of testator's children, by a decree of court dated July 24, 1961, the remaining principal of testator's trust was directed to be divided into four equal shares, to be held as separate trusts of each of testator's then four surviving children. In this connection, one trust was established for William L. Austin, Jr., and it is the distribution of this trust with which we are presently concerned.

William L. Austin, Jr. died without issue on February 11, 1963, a resident of New York State and survived by his widow, Caro Austin. By section third of his last will and testament, dated July 22, 1961, the said William L. Austin, Jr., exercised the power of appointment granted to him under the will of his father William L. Austin, over the separate trust established for him, appointing said trust to Anna A. Austin, Mabel A. Converse and Jean L. A. duPont, in further trust to pay the net income therefrom to his wife, Caro Austin, for her life, and provided that at her death the trust fund was to be paid over in equal shares to eight named nephews and nieces of William L. Austin, Jr., or to such nephews and nieces as shall then be living and the issue of such nephews and nieces as shall then be deceased, such issue taking per stirpes.

Following the death of William L. Austin, Jr., the trustees filed their first account of the separate trust for William L. Austin, Jr., which was examined and audited by this court on October 18, 1963, and by an adjudication of this court dated November 12, 1963, it was held that William L. Austin, Jr., had validly exercised the aforesaid power of appointment under testator's will, and that adjudication directed counsel for the accountants to file a schedule of distribution in duplicate, which has as yet not been done, and the trus-

tees now hold all the principal of the said trust and all of the income therefrom received since February 11, 1963, the date of William L. Austin, Jr.'s death.

In this connection, the trustees have filed a supplement to the first account of Anna A. Austin, Mabel A. Converse and Jean L. A. duPont, substituted trustees, which account is stated to December 31, 1964, and which shows a corpus of principal of $726,310.23, and income of $57,764.70, and composed of the securities set forth on pages 1 and 2 of the account. This supplemental or bring-down accounting was submitted at the time of argument on the petition to open the adjudication.

On March 1, 1964, these trustees were advised that Caro Austin, the widow of William L. Austin, Jr., was considering the filing of an election to take against the will of her husband, which she subsequently did, and by a decision of John D. Bennett, Surrogate of Nassau County, State of New York, filed on November 6, 1964, that court held that the election of Caro Austin to take her intestate share of the estate of her husband, William L. Austin, Jr., under section 18 of the Decedents' Estates Law of New York was valid and effective, and by a decree entered by that court on December 14, 1964, one-half of the estate of William L. Austin, Jr., was awarded outright to the said Caro Austin. This decree has become final.

The question then arises as to whether or not, by virtue of the election of Caro Austin, she has forfeited her life estate in the trust for William L. Austin, Jr., under the will of William L. Austin, deceased, appointed to her under section third of the will of William L. Austin, Jr.

Section 8 (c) of the Wills Act of April 24, 1947, P. L. 89, provides as follows:

"(c) Powers of Appointment. The surviving spouse, upon an election to take against the will, shall not be

entitled to any share in property passing under a power of appointment given by someone other than the testator and exercised by the will of the testator whether or not such power has been exercised in favor of the surviving spouse and whether or not the appointed and the individual estates have been blended".

Section 22 of the Wills Act of 1947, supra, provides that this act shall take effect on the first day of January 1948, and shall apply only to the wills of all persons dying on or after that date. William L. Austin, Jr., died on February 7, 1963, so that this section of the Wills Act applies to the present proceeding, even though William L. Austin, Jr., died domiciled in New York, because Pennsylvania law governs his exercise of the power of appointment granted him under the will of William L. Austin, Pennsylvania being the domicile of the donor of the power at his death. While the law of New York applies generally to the interpretation of the William L. Austin, Jr.'s will and to the disposition of his property, the exercise and interpretation of the power of appointment created by William L. Austin, who was domiciled in Pennsylvania, is governed by the law of Pennsylvania. See O'Reilly Estate, 371 Pa. 349. Cf. Barton Trust, 348 Pa. 279; Restatement, Conflict of Laws, §285. The court, therefore, concludes that the election of Caro Austin against the will of William L. Austin, Jr., is valid and effective as decreed by the appropriate New York court, and has resulted in a forfeiture of any rights to share in any appointed property under section 8(c) of the Wills Act of 1947.

This brings us to the second question, whether the principal of said trust vested as of February 11, 1963, equally in the eight nieces and nephews of William L. Austin, Jr., named under section third of his will to take the principal upon the death of Caro Austin.

The general rule is that the election of a widow to

take under the intestate laws is equivalent to her death, and unless the will plainly indicates a contrary intention, remainders are accelerated: Disston's Estate, 257 Pa. 537; Schmick Estate, 349 Pa. 65; Ferguson Estate, 138 Pa. 208.

In the present case, in order to receive a share of the trust remainder, it was necessary that the eight named nieces and nephews survive William L. Austin, Jr.'s widow. If a nephew or niece predeceased Caro Austin, his or her share was to be taken by his or her issue. Whether these remainders of the nephews and nieces were considered vested subject to divestment on failure to survive or as contingent is of little importance in a determination of the question, because the Pennsylvania cases clearly hold that where a will gives to the spouse a life interest in the whole of the estate or fund, and she elects to take against the will, the remainders, whether vested or contingent, are accelerated: Kern's Estate, 296 Pa. 348. See also 2 Hunter O. C. (2d ed.) Election by Spouse, §18(a).

The court, therefore, concludes that: (1) By reason of the election of Caro Austin to take her intestate share of the estate of William L. Austin, Jr., said Caro Austin has forfeited her life estate in the trust for William L. Austin, Jr., under the will of William L. Austin, deceased, appointed to her under section third of the will of William L. Austin, Jr., and awarded to her by adjudication of this court dated November 12, 1963; and (2) by reason of said forfeiture of Caro Austin of her life estate, the principal of said trust vested, as of February 11, 1963, the date of the death of William L. Austin, Jr., equally in the eight nephews and nieces of William L. Austin named under section third of his will to take the principal upon the death of Caro Austin.

One further matter need be disposed of, and that relates to the award by this court in its adjudication

of November 12, 1963, of 20 shares of common stock of General Motors received by the accountants as a distribution of 40 shares of common stock of E. I. du-Pont de Nemours & Company to income. This award was made prior to the opinion in Steel Trust, 32 D. & C. 2d 553, and, consistent with the views expressed in that opinion, the adjudication is amended to provide that these shares are to be received by the trustees as part of the principal of the trust. . . .