**McAnally Estate**

*Edward Gibbons, Jr.,* of *Wright, Thistle & Gibbons,* for accountants.

*Daniel J. Allan,* for Robert McAnally, legatee.

*George S. Forde, Jr.,* and *James E. Gallagher, Jr.,* for St. Charles Borromeo Seminary, legatee.

*Joseph A. Kane,* of *Gibbons, Eustace & Obert,* for Sacred Heart Free Home for Incurable Cancer, residuary legatee.

*James W. Sutton,* for Commonwealth.

GUTOWICZ, J., April 18, 1974.—Catherine McAnally died on July 23, 1972, leaving a will duly admitted to probate on September 13, 1972, upon which letters testamentary were granted to the Frankford Trust Company and Helen McGinn, the executors named therein.

Proof of advertisement of the grant of letters was submitted and will be found annexed.

Payment of $1,887.70, transfer inheritance tax, on November 16, 1973, was duly vouched.

By the terms of her will, testatrix gave $1,000 to her sister, Cecilia Lyons; $1,000 to her brother, Alexander Labonski; $1,000 to Kathryn Nines, together with decedent's sewing machine, jewelry and water color picture; $3,000 to Janet McAnally  for her education; $2,000 in trust for her grandson, Terrence McAnally, until he attains age 21; gave the proceeds of her resi-

dence, 7209 Eastwood Street, Philadelphia, together with $5,000 for the benefit of her son, Robert McAnally; $5,000 to St. Charles Seminary, Overbrook, for the education of a "poor boy" for the priesthood; and gave the residue of her estate to the Sacred Heart Free Home for Incurable Cancer.

The will is holographic, and while it is clear enough with respect to other legacies, it is difficult, because of poor sentence structure, to gather testatrix' intent with respect to the provisions which she made for her son, Robert.*

In the interpretation of wills, the court must seek to discover testator's intent from a consideration of all the language of the will construed in the light of the surrounding circumstances: Burleigh Estate, 405 Pa. 373. Testatrix' son was her only child and closest of kin, and that she intended to provide for him is clear enough. The problem, however, is to determine the nature of the gifts which she intended, whether absolute, or in trust for his use and benefit.

Standing alone, the devise of testatrix' residence to Robert would appear to be absolute; however, it is materially qualified when considered in the light of the subsequent direction to sell the property and to apply the proceeds to the purchase of another, and if his marriage should be dissolved, to apply the proceeds of re-sale toward the rent of an apartment, and if Robert should "start drinking anytime," to use the proceeds "for medical expenses." Moreover, the additional legacy of $5,000 is payable to Robert "only $100.00 per month," and while it would appear to be an absolute gift of $5,000 payable immediately without restraint, yet when considered in the light of testatrix' concern over his insobriety, it appears to be a provision for his support restricted to protect him from his own improvidence: Lochrie's Est., 340 Pa. 145.

An absolute gift in the first instance may be cut down by subsequent language which, in effect, creates a trust. Kern's Estate, 296 Pa. 348. A trust for the protection of the beneficiary is an active trust, and will be sustained: Shower's Estate, 211 Pa. 297. It was testatrix' right to impose trust limitations, if she so desired, and her intention to do so should not be disregarded: Spring's Estate, 216 Pa. 529. No special form of words is required to create a trust. The language in which a trust is imposed is immaterial if the intention can be gathered from the will, and the fact that the word "trust" is not used is in no sense controlling: Schuldt v. Reading Trust Co., 270 Pa. 360, 292 Pa. 327. Nor is the express appointment of a trustee necessary where there are words sufficient to create a trust; the executor will be deemed to be the trustee: Thompson Will, 416 Pa. 249.

Considering all the language of the will, I conclude that testatrix intended to place the proceeds of her residence in trust, primarily to provide a home for Robert, or to help him to maintain an apartment, and under certain circumstances, to provide medical care, and from the legacy of $5,000 to provide $100 per month for his support. Accordingly, the proceeds of premises 7209 Eastwood Street, Philadelphia, shown in the account to be $18,334.18, together with the legacy of $5,000, will be awarded to the Frankford Trust Company and Helen McGinn, in trust, for Robert McAnally, for the uses and purposes of the trust as herein indicated.

There was no objection to the account, which shows

| | |
|---|---:|
| a balance of principal, personal estate, of | $40,921.80 |
| proceeds of real estate of | 18,334.18 |
| and income, personal estate of | 1,957.13 |
| making a total of | $61,213.11 |

which, composed as indicated, is awarded $1,000 to Cecelia Lyons; $1,000 to Alexander Labonski; $1,000 to Kathryn Nines, together with decedent's sewing machine, jewelry and water color picture; $3,000 to Janet McAnally, a minor, to be held by Frankford Trust Company and Helen McGinn, in trust, for her education; $2,000 to Frankford Trust Company and Helen McGinn, trustees, for Terrence McAnally, a minor, until he attains age 21; $18,334.18, proceeds of premises 7209 Eastwood Street, Philadelphia, and $5,000, or a total of $23,334.18, to Frankford Trust Company and Helen McGinn, trustees, for Robert McAnally, for the uses and purposes of the trust; $5,000 to St. Charles Seminary, Overbrook, for the education of a poor boy for the priesthood; and the residue is awarded to the Sacred Heart Free Home for Incurable Cancer.

The above awards to be subject to all payments heretofore properly made on account of distribution.

Payment and distribution is so decreed, and leave is hereby granted to the accountants to make all necessary transfers and assignments.

And now, April 18, 1974, the account is confirmed nisi.